Electronically Filed
Intermediate Court of Appeals
30598
21-NOV-2013
09:07 AM

NO. 30598

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEREK K. HO, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 09-1-1980)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Derek K. Ho (Ho) appeals from the May 13, 2010 Judgment of Conviction and Sentence; Notice of Entry as to Count II (Judgment) entered by the Family Court of the First Circuit (Family Court).[1] Ho was charged with Terroristic Threatening in the Second Degree in violation of Hawaii Revised Statutes (HRS) §§ 707-715 and 707-717(1) (1993) and was sentenced to one year of probation with special terms of, *inter alia*, one day of imprisonment and court fees.  This sentence was stayed pending appeal.

On appeal, Ho argues that the Family Court (1) erred when it denied his motion for judgment of acquittal and

---

[1] The Honorable Edwin C. Nacino presided.

Ho was charged in Count I with Abuse of a Family or Household Member in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2011) but was acquitted.

(2) abused its discretion in limiting his *voir dire* during jury selection.

After a careful review of the record, the points raised by the parties, their arguments and the relevant authorities, we resolve Ho's appeal as follows and affirm.

1. The Family Court did not err in denying Ho's motion for judgment of acquittal as to Count II.[2] While at trial, Ho argued, citing to State v. Valdivia, 95 Hawaiʻi 465, 24 P.3d 661 (2001), that as a matter of law, the statement upon which the prosecution relies was not a "true threat" as it was conditional in nature. On appeal, Ho challenges the sufficiency of the evidence in support of his conviction, relying in the main, on Valdivia.

---

[2] In Count II, Ho was charged as follows:

On or about August 17, 2009, in the City and County of Honolulu, State of Hawaiʻi, DEREK K HO, in reckless disregard of the risk of terrorizing, did threaten by word or conduct, to cause [complainant] bodily injury, thereby committing the offense of Terroristic Threatening in the Second Degree in violation of Sections 707-715 and 707-717(1) of the Hawaii Revised Statutes.

Section 707-715, HRS, provides:

**Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:

    (1)    With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; or

    (2)    With intent to cause, or in reckless disregard of the risk of causing evacuation of a building, place of assembly, or facility of public transportation.

Section 707-717(1), HRS, provides:

**Terroristic threatening in the second degree.** (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

Section 707-716, HRS, pertains to multiple-occasion threats, multiple-person threats, threats against a public servant and threats using a dangerous instrument.

2

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawai'i at 33, 960 P.2d at 1241 (citation and internal quotation marks omitted).

> We agree with the California Supreme Court that the "imminency" required by [United States v. Kelner, 534 F.2d 1020 (2d Cir. 1976)], and hence by [State v. Chung, 75 Haw. 398, 416-17, 862 P.2d 1063, 1072-73 (1993)], can be established by means other than proof that a threatening remark will be executed immediately, at once, and without delay. Rather, as a general matter, the prosecution must prove that the threat was objectively susceptible to inducing fear of bodily injury in a reasonable person at whom the threat was directed and who was familiar with the circumstances under which the threat was uttered. Of course, one means of proving the foregoing would be to establish, as in Chung and Kelner, that the threat was uttered under circumstances that rendered it "so unequivocal, unconditional, immediate, and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution." See Chung, 75 Haw. at 416-17, 862 P.2d at 1073; Kelner, 534 F.2d at 1026-27. But another would be to establish that the defendant possessed "the apparent ability to carry out the threat," such that "the threat . . . would reasonably tend to induce fear [of bodily injury] in the victim." In re M.S., 10 Cal. 4th at 712-15, 42 Cal. Rptr. 2d 355, 896 P.2d at 1372-74.

Valdivia, 95 Hawai'i at 477, 24 P.3d at 673 (some internal citations and brackets omitted).

When taking the evidence presented here in the light most favorable to the prosecution, Ho's argument that it was insufficient because his threat was couched in terms of the conditional, "If you call the cops, I'll kill you" is not persuasive. The Complaining Witness, Ho's wife, testified that Ho burst into their bedroom, slamming the door open, yelling at the top of his voice, immediately engaged in a struggle with her

3

over her purse, grabbed her arm, and while she had her cell phone in her hand, Ho brought back his fist and slowly moved it forward as if to hit her, uttered the threat in question, causing her fear. This evidence was sufficient to conclude that the threat was uttered under circumstances that would reasonably induce fear of bodily injury and therefore sufficient to establish a "true threat."

2. The Family Court did not abuse its discretion in limiting Ho's *voir dire* by preventing him from questioning potential jurors regarding their attitudes regarding surfers.[3] See Hawai'i Rules of Penal Procedure (HRPP) Rule 24(a) (2010);[4] State v. Churchill, 4 Haw. App. 276, 279, 664 P.2d 757, 760

---

[3] During *voir dire*, Ho's counsel stated the following purpose for her proposed questioning:

> I'm gonna bring out the fact that he has an occupation as a surfer because there's problems - there could be potential biases about that in particular, assumptions about surfers and what kinds of activity they engage in that I need to be able to elicit because that's going to come out at the trial.

> But my other concern -- 'cause I'm trying to do that, but aside from that -- is if I say that, there may be some people who didn't recognize him initially but, once I say that they'll make the connection.

The court denied the request, stating that it did not find the subject relevant, and if any other of the jurors reported recognizing Ho, it would conduct *voir dire* at the bench. By this point, the Family Court had asked the jurors in the box if anyone knew Ho, to no response. The court had examined two jurors at the bench regarding their knowledge of Ho, and both were passed for cause at the time, although both were later excused for other good cause. Still later, a third juror who reported that he knew Ho as a surfer was examined at the bench and eventually served as a juror. No motion to remove this juror for cause was made. Except for one against a potential alternate juror, the defense did not exercise its peremptory challenges.

[4] HRPP Rule 24(a) provides:

> (a) **Conduct of jury selection.** At the discretion of the court, the parties may present a "mini-opening statement" to the jury panel prior to the commencement of jury selection. The mini-opening statement shall be limited to a brief statement of the facts expected to be proven. The court shall permit the parties or their attorneys to conduct the examination of prospective jurors or shall itself conduct the examination. In the latter event the court shall permit the parties or their attorneys to supplement the examination by such further inquiry as it deems proper.

(1983) ("The law is well established in this jurisdiction that the trial court is vested with discretion to regulate *voir dire* examination so as to keep the questioning by counsel within reasonable bounds and to confine it to assisting in the impaneling of an impartial jury.").

> In ruling as to a particular question, the trial judge must be guided in very large part by his appraisal of the usefulness of the question in achieving the selection of an impartial jury, which in turn will depend upon his judgment of the likelihood that the question will disclose a mental attitude which would be significant in exercising challenges, whether for cause or peremptory. The question for us is whether such a likelihood existed here and whether its existence should have been so apparent to the trial judge that his refusal to permit the question was an abuse of discretion.
>
> . . . .
>
> When the matter sought to be explored on *voir dire* does not relate to one of those recognized classes, it is incumbent upon the proponent to lay a foundation for his question by showing that it is reasonably calculated to discover an actual and likely source of prejudice, rather than pursue a speculative will-o-the-wisp. The appellants made no such effort at the time the question was submitted to the trial judge; nor did they present before this court any material tending to show that prejudice against a claim of self-defense was likely to be encountered in the community from which the veniremen were drawn. Absent such a showing, we find no prejudice to the rights of the accused.

State v. Altergott, 57 Haw. 492, 500-01, 559 P.2d 728, 734-35 (1977) (citation omitted) (in trial of sexual assault against a married woman, questions regarding biases regarding the sex act involved, extramarital affairs, and women who bring sexual assault charges).

The Family Court conducted an individualized *voir dire* with anyone who expressed any familiarity with Ho's name. Although defense counsel maintained "[t]here are certain biases within our community about individuals who are employed as surfers." However, Ho did not elaborate on the nature of these biases and provided no support for the existence of this potential bias. The Family Court found Ho's profession to be irrelevant for the purposes of *voir dire*. As Ho's profession had

no relationship to the facts underlying the offense, nor to matters relating to any defense raised, we agree.

Therefore the May 13, 2010 Judgment entered by the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, November 21, 2013.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge